**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Romaine C. Marshall, 9564**
rcmarshall@hollandhart.com
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for Plaintiff*
Sundesa, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SUNDESA, LLC**, a Utah limited liability company, and **RUNWAY BLUE, LLC**, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**THE SHAKER CUP COMPANY, LLC**, a California limited liability company,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. 2:09-CV-00616-DB<br>Judge: Dee Benson<br><br>**Jury Demanded** |

Plaintiffs Sundesa, LLC and Runway Blue, LLC (collectively "Sundesa"), by and through counsel allege and complain against Defendant The Shaker Cup Company, LLC ("Shaker") as follows:

### PARTIES

1.  Plaintiff Runway Blue, LLC is a Utah limited liability company with a principal place of business in Orem, Utah.

1

2. Runway Blue owns all right, title, and interest in U.S. Design Patent No. D510,235, which is the subject of this lawsuit. Runway Blue also owns all right, title, and interest in and to the federally registered BLENDER BOTTLE trademark, U.S. Reg. No. 3471977, which is also the subject of this lawsuit.

3. Plaintiff Sundesa is a Utah limited liability company with a principal place of business in Pleasant Grove, Utah.

4. Sundesa is the exclusive licensee of U.S. Design Patent No. D510,235, and is the exclusive licensee of the federally registered BLENDER BOTTLE trademark. For simplicity, Runway Blue, LLC and Sundesa, LLC are collectively referred to in this Complaint as "Sundesa."

5. Defendant Shaker, on information and belief, is a California limited liability company with a principal place of business in Chino Hills, California.

## JURISDICTION AND VENUE

6. This action arises under the Patent Act (35 U.S.C. § 271). This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338.

7. This action also arises under the Lanham Act. This Court also has subject matter jurisdiction under § 39 of the Lanham Act (15 U.S.C. § 1121), and 28 U.S.C. § 1338.

8. Shaker actively conducts business in the state of Utah, either directly through the Internet or through distributors, and has received orders from and has filled and shipped orders to the state of Utah for the infringing products. These tortious acts form the basis of Sundesa's claims against Shaker. As a result, this Court has personal jurisdiction over Shaker.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

10. Sundesa manufactures, sells, and distributes a portable mixer bottle under the BLENDER BOTTLE mark.

11. Sundesa has invested heavily to protect its intellectual property rights relating to the BLENDER BOTTLE. The utilitarian aspects of the BLENDER BOTTLE are covered by U.S. Patent No. 6,379,032.

12. The ornamental design of the BLENDER BOTTLE is protected by U.S. Design Patent No. D510,235 (the '235 patent). A copy of the '235 patent is attached as Exhibit A.

13. Sundesa has also registered the BLENDER BOTTLE name with the United States Patent and Trademark Office. A copy of the registration for the BLENDER BOTTLE mark is attached as Exhibit B.

14. The BLENDER BOTTLE is cloaked with a distinctive trade dress which includes a translucent mixer cup topped by a colored lid with a white hinge flip cap covering a protruding cylindrical spout (the "BLENDER BOTTLE trade dress"). Representative advertisements depicting the BLENDER BOTTLE trade dress are attached as Exhibit C.

15. Sundesa has also developed a fanciful "BPA FREE" stylized trademark used in advertising its products (the "BPA FREE" mark). Selected advertising showing Sundesa's use of the BPA FREE mark is attached as Exhibit D.

16. Sundesa's BLENDER BOTTLE is the best selling portable mixer bottle on the market today and has received numerous positive reviews from publications such as Readers Digest and SELF magazine and media programs such as Good Morning America and has been the subject of scores of popular media and trade press articles.

4564221_1.DOC

17. Shaker, on information and belief, like others in the industry is well aware of the goodwill Sundesa has established through its patent rights, trademark rights, and distinctive trade dress in the BLENDER BOTTLE. On information and belief, Shaker adopted a marketing strategy and philosophy to intentionally and unlawfully trade off that goodwill that Sundesa had built up by infringing Sundesa's design patent rights, trademark rights, and trade dress rights. In isolation, any one of the infringement claims raised herein would be a serious problem. Collectively, however, Shaker's egregious misconduct yields only one conclusion: Shaker has adopted a strategy to deliberately pilfer and infringe Sundesa's intellectual property rights and unlawfully trade off the extensive goodwill Sundesa has generated and developed.

18. On June 12, 2009, Sundesa wrote to Shaker advising them to cease and desist infringing the '235 patent and the BLENDER BOTTLE trade dress by June 26, 2009. A copy of the demand letter is attached as Exhibit E. In response to Sundesa's initial demand letter, Shaker failed and refused to cease and desist from its unlawful activities by the stated deadline. Instead, Shaker claimed innocence and sought to buy time. A copy of Shaker's response to Sundesa's demand letter is attached as Exhibit F. Sundesa investigated the matter further, and found that Shaker's infringement of Sundesa's intellectual property rights was more egregious and widespread than it initially thought. Indeed, Sundesa discovered that Shaker had been, and continues to infringe Sundesa's BLENDER BOTTLE mark by using it as a paid for "ad word" for Google and other Internet search engines, and by using the BLENDER BOTTLE mark as metatags for key word Internet searches which unlawfully direct people looking for Sundesa's BLENDER BOTTLE to Shaker's website which depicts a complete knockoff product. In

4

addition, Shaker has also deliberately pilfered and uses on its Internet advertising Sundesa's BPA FREE mark. This is yet another act of knowing and willful infringement.

19. To date, Shaker has failed and refused to discontinue its theft of and infringement of Sundesa's intellectual property rights. Accordingly, Sundesa has no alternative but to seek the Court's assistance in resolving this matter.

## FIRST CAUSE OF ACTION
### (PATENT INFRINGEMENT)

20. Sundesa re-alleges and incorporates by this reference the preceding allegations of this Complaint.

21. Shaker imports, uses, sells, and offers for sale a portable mixer bottle under the name MONSTER SHAKER. A representative advertisement depicting Shaker's MONSTER SHAKER cup is attached as Exhibit G. Shaker's actions as described above, and specifically Shaker's unauthorized manufacture, use, importation, offers to sale and sales of the MONSTER SHAKER constitutes infringement of the '235 patent.

22. Shaker's continued actions of making, using, importing, selling, offering for sale and or distributing the MONSTER SHAKER has injured, is injuring, and will cause irreparable injury to Sundesa and Sundesa's patent rights and exclusive market position if not permanently and preliminarily enjoined by this Court.

23. On information and believe, Shaker has acted willfully, or at the very least, in reckless disregard of Sundesa's patent rights in view of the fact that Shaker has actual knowledge of Sundesa's patent rights and has continued to make, use, import, sell, or offer for sale the MONSTER SHAKER.

4564221_1.DOC

24. Sundesa is entitled to an injunction prohibiting Shaker from further making, importing, using, selling, offering for sale or otherwise distributing the MONSTER SHAKER cup without permission or license from Sundesa under 35 U.S.C. § 283.

25. Sundesa is entitled to recover all damages caused by Shaker's infringement, together with prejudgment interest and costs under 35 U.S.C. § 284.

26. On information and belief, Shaker's infringement is willful. Because Shaker has continued to manufacture, import, use, offer to sale, sell, and otherwise distribute the MONSTER SHAKER cup after having actual knowledge of the '235 patent, Sundesa is entitled to treble damages under 35 U.S.C. § 284.

27. This is an exceptional case. Sundesa is therefore entitled to an award of attorney's fees under 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION
### (TRADE DRESS INFRINGEMENT – LANHAM ACT § 43(A))

28. Sundesa re-alleges and incorporates by this reference the preceding allegations of this Complaint.

29. Sundesa is entitled to legal protection of its BLENDER BOTTLE trade dress under § 43(a) of the Lanham Act, which trade dress includes without limitation a translucent mixer cup topped by a colored lid with a white hinged flip cap covering a protruding cylindrical spout, among other things.

30. The BLENDER BOTTLE trade dress has acquired secondary meaning – consumers have come to recognize the BLENDER BOTTLE trade dress as identifying Sundesa as the source of the high quality BLENDER BOTTLE trade dress.

6

31. Shaker has so closely imitated and/or copied the BLENDER BOTTLE trade dress that the consuming public has been confused and will continue to be confused as to the source or origin of Shaker's product and will erroneously believe that Shaker's product comes from Sundesa. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the Sundesa BLENDER BOTTLE and the Shaker MONSTER SHAKER designs are substantially the same and the resemblance is such to deceive an observer, inducing him to purchase the MONSTER SHAKER supposing it to be the BLENDER BOTTLE.

32. On information and belief, Shaker's copying of Sundesa's BLENDER BOTTLE trade dress was intentional; Shaker intended to create a portable mixer bottle confusingly similar in appearance to Sundesa's BLENDER BOTTLE; and Shaker has succeeded in producing a portable mixer bottle which is confusingly similar in appearance to Sundesa's BLENDER BOTTLE.

33. Shaker's MONSTER SHAKER and Sundesa's BLENDER BOTTLE products are strikingly similar, substantially duplicated, virtually identical, substantially identical, remarkably similar, essentially duplicated, and/or closely imitated.

34. Shaker's acts of trade dress infringement have caused and continue to cause damages and injury to Sundesa.

35. Sundesa may recover for its damages an award to compensate Sundesa for injuries and damages it has sustained as a result of Shaker's conduct which violates § 43(a) of the Lanham Act.

36. Because Shaker's acts were intentional, willful, and/or deliberate, Sundesa is entitled to an award of treble damages under § 43(a) of the Lanham Act.

37. Sundesa is entitled to an award of pre-judgment interest for the damages sustained as result of Shaker's wrongful conduct.

38. Shaker's wrongful, malicious, fraudulent, deliberate, willful, intentional, and/or incredible conduct makes this an exceptional case entitling Sundesa to an award of attorney's fees and costs under the Lanham Act.

39. Sundesa has no adequate remedy at law; Sundesa has suffered and continues to suffer irreparable harm as a result of Shaker's acts, and is therefore entitled to preliminary and permanent injunctive relief to enjoin Shaker's wrongful conduct.

## THIRD CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114)

40. Sundesa re-alleges and incorporates by this reference the preceding allegations of this Complaint.

41. For years, Sundesa has been selling its portable mixer bottle under the BLENDER BOTTLE name. It has become the market leader in the portable mixer bottle market.

42. Sundesa possesses common law and federal registration rights in the BLENDER BOTTLE mark, including U.S. Registration No. 3471977 (Exhibit B).

43. As a result of the quality of Sundesa's products and widespread promotion thereof on the Internet and elsewhere, Sundesa has enjoyed substantial commercial success and widespread consumer recognition. As a further result, Sundesa's BLENDER BOTTLE mark is extensively known and has become a symbol of Sundesa, its quality products and services, and its goodwill.

44. Like Sundesa, Shaker offers portable mixer bottles over the Internet. Shaker has purchased sponsored "ad word" advertisements from Google, and other search engines, for the

BLENDER BOTTLE mark to trigger advertising and/or a link to the ShakerCupCompany.com website. For example, when BLENDER BOTTLE is entered into the Google search box, a link to the www.ShakerCupCompany.com website appears on the right side of the screen under the "Sponsored Links" section. A copy of the screen shot of such a Google search is attached as Exhibit H.

45. In addition, Shaker has deliberately planted at least four different versions of the BLENDER BOTTLE marks as metatags in the source code of the www.ShakerCupCompany.com website that result in the Shaker website link appearing when customers are searching for Sundesa's "BLENDER BOTTLE." A copy of the screen shot of the key word metatags on the www.ShakerCupCompany.com website is attached as Exhibit I.

46. The www.ShakerCupCompany.com website advertisements are triggered upon a search for BLENDER BOTTLE and thus, uses the BLENDER BOTTLE trademark as a triggering keyword to display and promote Shaker's directly competitive goods and services. In essence, Shaker is using the BLENDER BOTTLE mark to trick consumers into visiting the Shaker website.

47. Shaker's actions are specifically aimed at diverting web users who are expressly looking for Sundesa's BLENDER BOTTLE and related services. Indeed, given the fact that Shaker advertises and sells a BLENDER BOTTLE knockoff that is virtually indistinct, and uses the BLENDER BOTTLE mark to generate sales leads, this deceptive behavior is likely to cause confusion and mislead consumers into believing that there is an affiliation between Sundesa and Shaker, when, in fact, they are direct competitors.

48. Shaker's unauthorized use of the BLENDER BOTTLE mark has and will continue to irreparably injure Sundesa by confusing customers, diverting sales, and diluting the distinctiveness of the BLENDER BOTTLE mark. If permitted to continue, Shaker's use of the BLENDER BOTTLE mark will continue to irreparably injure Sundesa, the BLENDER BOTTLE mark, the reputation and goodwill associated therewith, Sundesa's reputation for exceedingly high quality services and products, and the public interest in being free from confusion, mistake or deception.

49. Shaker's use of the BLENDER BOTTLE mark has caused and will continue to cause confusion, mistake or deception as to the source or origin of Shaker's goods and services and is likely to falsely suggest a sponsorship, connection, license, endorsement, or association of Shaker's goods and services with Sundesa's, thereby injuring Sundesa and the public.

50. On information and belief, Shaker's use of a deceptively similar trade dress in product together with its infringement of the BLENDER BOTTLE mark, and other theft of Sundesa's intellectual property, is all part of a deliberate plan to unlawfully trade on Sundesa's goodwill and otherwise unfairly compete with Sundesa and benefit there from.

51. On information and belief, Shaker knew of Sundesa's tremendous success and the Sundesa intellectual property rights including its rights in the BLENDER BOTTLE mark and intentionally engaged in trademark infringement with full knowledge of Sundesa's rights.

52. Shaker's unauthorized appropriation and use in commerce of the BLENDER BOTTLE mark in connection with goods and services that are identical or substantially similar to those offered by Sundesa, is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of Shaker's services and commercial activities and thus infringes

Sundesa's rights in its federally registered marks under 15 U.S.C. § 1114. Shaker's actions have been carried out in willful disregard of Sundesa's rights in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

### FOURTH CAUSE OF ACTION
#### (FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND FALSE ADVERTISING – 15 U.S.C. § 1125(A))

53. Sundesa re-alleges and incorporates by this reference the preceding allegations of this Complaint.

54. The unauthorized use by Shaker of the BLENDER BOTTLE mark in connection with Shaker's business is likely to cause the public to mistakenly believe that Shaker's products and services originate from, are endorsed by, or are in some way affiliated with Sundesa and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition and is likely to cause the BLENDER BOTTLE mark to lose its significance as an indicator of origin. Likewise, Shaker has used the BLENDER BOTTLE mark in connection with false and misleading descriptions or representations of fact in commercial advertising or promotion, thereby misrepresenting the nature, characteristics, and qualities of their or another entity's goods, services or commercial activities. Shaker's actions are thus in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. As set forth above, on information and belief, Shaker's misconduct is part of a deliberate plan to trade on the valuable goodwill established by Sundesa and Shaker's activities and actions have been carried out in willful disregard of Sundesa's rights and constitute a violation of 15 U.S.C. § 1125(a).

### FIFTH CAUSE OF ACTION
(FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN,
PASSING OFF AND FALSE ADVERTISING – 15 U.S.C. § 1125(A))

56. Sundesa re-alleges and incorporates by this reference the preceding allegations of this Complaint.

57. The unauthorized use by Shaker of the BPA FREE mark in connection with the sale of a knockoff product is likely to cause the public to mistakenly believe that Shaker's products and services originate from, are endorsed by, or are in some way affiliated with Sundesa and thus constitutes trademark infringement, false designation of origin, passing off, unfair competition, and is likely to cause the BPA FREE mark to lose its significance as an indicator of origin. Likewise, Shaker has used the BPA FREE mark in connection with false and misleading descriptions or representations of fact in commercial advertising or promotion, thereby misrepresenting the nature, characteristics, source, and qualities of their or another entity's goods, services or commercial activities. Shaker's actions are thus in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. As set forth above, on information and belief, Shaker's misconduct is part of a deliberate plan to trade off the valuable goodwill established by Sundesa and Shaker's activities and actions have been carried out in willful disregard of Sundesa's rights and constitute a violation of 15 U.S.C. § 1125.

### SIXTH CAUSE OF ACTION
(COMMON LAW UNFAIR COMPETITION, MISAPPROPRIATION, AND TRADEMARK INFRINGEMENT – UNFAIR PRACTICES ACT U.C.A. § 13-5-1 ET SEQ.)

59. Sundesa re-alleges and incorporates by this reference the preceding allegations of this Complaint.

60. By its aforesaid conduct calculated to increase business and profits by deceiving and confusing members of the public, Shaker continues to misappropriate the valuable goodwill of the BLENDER BOTTLE mark, to infringe Sundesa's rights therein and unfairly compete with Sundesa under the common law the laws of Utah. Shaker's use of the BLENDER BOTTLE trade dress, the BLENDER BOTTLE mark, and the BPA FREE mark to promote, mark or sell products and services constitutes an unfair practice under U.C.A. § 13-5-1 et seq. Shaker's use of Sundesa's trade dress and trademarks is an unfair or deceptive method of competition occurring in trade or commerce that impacts the public interest and has caused and is causing injury to Sundesa and consumers.

### PRAYER FOR RELIEF

WHEREFORE, Sundesa prays that:

A. The Court preliminary and permanently enjoin Shaker, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from making, using, importing, selling or offering for sale or otherwise distributing any product that infringes the '235 patent, including without limitation, the MONSTER SHAKER cup;

B. The Court enter judgment against Shaker for direct infringement of the '235 patent under 35 U.S.C. § 271;

C. The Court order that Shaker account to Sundesa for all sales, revenues, and profits

derived from the sale or other distribution of the MONSTER SHAKER, and that Shaker pay to Sundesa all compensatory damages to which Sundesa is entitled by law, including without limitation, lost profits, reasonable royalties, price erosion damages, and convoyed sales damages;

  D. The Court award Sundesa three times the damages found pursuant to 35 U.S.C. § 284;

  E. The Court award Sundesa against Shaker, the costs and reasonable attorney's fees and expenses incurred in this action pursuant to 35 U.S.C. § 285 and the equitable powers of this Court;

  F. The Court award Sundesa pre-judgment interest against Shaker on all sums allowed by law pursuant to 35 U.S.C. § 284;

  G. The Court preliminarily and permanently enjoin and restrain Shaker, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting or acting in concert or active participation therewith from all acts of trade dress infringement and trademark infringement, unfair competition, deceptive trade practices, including without limitation, infringement of the BLENDER BOTTLE trade dress, infringement of the BLENDER BOTTLE trademark, and infringement of the BPF FREE mark, as alleged in the Complaint;

  H. The Court direct that Shaker be required to account for and relinquish to Sundesa all gains, profits, and advantages derived by Shaker through their unlawful conduct complained of in this Complaint;

  I. The Court direct that Shaker pay Sundesa all damages it has sustained as a consequence of Shaker's wrongful conduct complained of in this Complaint;

J.     The Court direct that Shaker be required to pay Sundesa treble damages under § 43(a) of the Lanham Act for its deliberate and willful misconduct;

K.     The Court direct Shaker to destroy all counterfeit products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing Sundesa's trademarks or trade dress and to destroy any reproduction, counterfeit, copy, or colorable imitation of Sundesa's protable mixer bottles, and destroy all plates, molds, matrices, and other means of making the same pursuant to § 36 of the Lanham Act;

L.     The Court direct that Shaker pay Sundesa's costs of this action, together with reasonable attorney's fees consistent with the Lanham Act and § 13-11(a)-3 of Utah's Deceptive Trade Practices Act; and

M.     The Court award Sundesa such further relief as the Court may deem just and proper.

## JURY DEMAND

Sundesa demands that all claims or causes of action raised in this Complaint be tried to a jury to the fullest extent possible under the Utah and United States Constitutions.

DATED this 10th day of July 2009.

        HOLLAND & HART LLP

        /s/ Brett L. Foster
        Brett L. Foster
        Romaine C. Marshall

        *Attorneys for Plaintiff*
        Sundesa, LLC

Plaintiff's Address:
284 South 700 West
Pleasant Grove, UT 84062

4564221_1.DOC